Estate of Kalitzky: Kalitzky, Appellant, vs. Estate of Kalitzky, Respondent.

*September 14—October 11, 1949.*

443

*Ken Traeger* of Gresham, for the appellant.

For the respondent the cause was submitted on the brief of *William E. Burke* of Milwaukee.

BROWN, J.   The decisive question on this appeal is whether or not the county court had jurisdiction of Robert W. Kalitzky when it construed the will and entered the final decree.   If it did not they are nullities as to him, unless he has waived his right to relief or unless the court later acquired a jurisdiction which has related back to the previous proceedings.

We have been referred to no authority which holds that the appointment by the court of an attorney or special representative without the knowledge and consent of a party *sui juris* has deprived that party of the right to be served with notice of proceedings, as recognized by the court's own order and by secs. 310.11, 317.11, and 324.18, Stats.   We do not think that when the court made the appointment it intended to diminish this or any other right which Robert had before he went into military service but rather it intended to make certain that a protector would be on hand in those matters where jurisdiction had been obtained and Robert's interests might be impaired because of his inability to return and protect them.   We do not recognize the service of notice on Mr. Bow-

man as a satisfactory legal substitute for service on Robert and we hold, as it was held in *Ruth v. Oberbrunner* (1876), 40 Wis. 238, that the order and decree of July 30, 1943, was totally void, as to him, for lack of jurisdiction unless some later event or action has made it binding upon him.

When a county court fails to acquire jurisdiction of a person because of insufficient notice, sec. 324.36, Stats., provides procedure for bringing him in later and unless he show cause to the contrary the former proceeding may be made applicable to him, but he shall have the same remedies and relief as if he had been seasonably served. Before this procedure was invoked by anyone Robert himself invoked the jurisdiction of the court by his petition for relief. At that time the court could have construed the will and have affirmed or modified the decree as it thought best after hearing what Robert had to say and with due regard to his rights as a party appearing for the first time in the matter, and because of Robert's voluntary appearance we would be constrained to hold that he had then submitted to jurisdiction and was bound by whatever findings and order the court might make subject, of course, to the right of review for error. However, it is evident from the opinion of the county court in support of its order dismissing the petition that the court assumed it had had jurisdiction all along and that Robert was foreclosed by the prior proceedings because he, as the court said, was represented in them and because of the length of time since the decree was entered. It was error to dismiss Robert's petition and order on those grounds. We do not think he has had his day in court.

We would have thought the release and consent to making absolute the final decree which formed a part of Robert's receipt for his legacy in 1943 would have sufficed to defeat his application for a hearing in 1948 in the absence of fraud or other equitable excuse but that portion of the receipt was nowhere considered by the county court or by counsel. It was not sent up with the original record and counsel refer to it

only to show that Robert was in Milwaukee on the day of its date. Since there must be a new hearing we are not justified in making any assumption concerning the effect of the release upon appellant's application for relief in county court.

*By the Court.*—Order reversed and cause remanded with directions to hear and determine appellant's petition without prejudice to him from prior orders and decrees.